UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MARION J. AINSWORTH JR. (#418677)

VERSUS                                          CIVIL ACTION

JAMES LEBLANC, ET AL                            NUMBER 12-133-BAJ-SCR

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, March 7, 2012.

                                    STEPHEN C. RIEDLINGER
                                    UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MARION J. AINSWORTH JR. (#418677)

VERSUS                                              CIVIL ACTION

JAMES LEBLANC, ET AL                                NUMBER 12-133-BAJ-SCR

**MAGISTRATE JUDGE'S REPORT**

Pro se plaintiff, an inmate confined at Dixon Correctional Institute, Jackson, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Louisiana Department of Public Safety and Corrections Secretary James M. Leblanc, Louisiana Parole Board members C.A. Lowe, Mr. Jacobs, Mr. Wise and parole officer Kevin Wyles.  Plaintiff alleged that his parole was revoked and he was re-incarcerated in violation of his constitutional rights.  Specifically, the plaintiff alleged that he was released by virtue of earned good time but then his good time parole was subsequently revoked and he was returned to the physical custody of the Department of Public Safety and Corrections to complete his sentence.  Plaintiff alleged that there was no basis to revoke his parole and the Parole Board was without legal authority to do so.  Plaintiff sought monetary damages and restoration of parole.

**Applicable Law and Analysis**

Subsection (c)(1) of 42 U.S.C. § 1997e provides the following:

(c) Dismissal.--(1) The court shall on its own

> motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.

An in forma pauperis suit is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law. *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733 (1992); *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 1831-32 (1989); *Hicks v. Garner*, 69 F.3d 22, 24 (5th Cir. 1995). A court may dismiss a claim as factually frivolous only if the facts are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional. *Denton,* 504 U.S. at 33-34, 112 S.Ct. at 1733. Pleaded facts which are merely improbable or strange, however, are not frivolous for section 1915(d) purposes. *Id.; Ancar v. SARA Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992). Dismissal under 28 U.S.C. §1915(d) may be made at any time before or after service of process and before or after an answer is filed. *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

First, the plaintiff named Secretary LeBlanc and parole officer Wyles as defendants but failed to allege any facts against them which rise to the level of a constitutional violation.

To be liable under § 1983, a person must either be personally involved in the acts causing the alleged deprivation of

constitutional rights, or there must be a causal connection between the act of that person and the constitutional violation sought to be redressed. *Lozano v. Smith*, 718 F.2d 756 (5th Cir. 1983).

Second, to the extent that the plaintiff filed this action against members of the Louisiana Board of Parole responsible for revoking his parole, the claim fails to state a claim upon which relief can be granted.

Parole board members are absolutely immune from suit for their decisions to grant, deny, or revoke parole. *Hulsey v. Owens*, 63 F.3d 354 (5th Cir. 1995).

Third, the plaintiff's claim regarding revocation of his parole must initially be pursued through habeas corpus since it challenges the duration of confinement, the resolution of which claim may entitle him to immediate or early release. *Serio v. Members of La. State Bd. of Pardons*, 821 F.2d 1112 (5th Cir. 1987).

Additionally, unless the plaintiff can demonstrate that a state court or other authorized tribunal has determined that his parole was improperly revoked, he has no damages claim cognizable under § 1983. *See*, *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364 (1994) (to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order,

declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus).

Because *Heck* dictates that a cause of action seeking damages under § 1983 for an allegedly unconstitutional imprisonment does not accrue until the length of imprisonment has been invalidated, the § 1983 complaint should be dismissed with prejudice. *Stephenson v. Reno*, 28 F.3d 26 (5th Cir. 1994); *Boyd v. Biggers*, 31 F.3d 279 (5th Cir. 1994); *Arvie v. Broussard*, 42 F.3d 249 (5th Cir. 1994).

Because it is clear that the plaintiff's claims have no arguable basis in fact or in law and the allegations fail to state a claim, the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (iii).

## RECOMMENDATION

It is the recommendation of the magistrate judge that this action be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(i) and (iii).

Baton Rouge, Louisiana, March 7, 2012.

_____
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE